IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LORI NICHOLS,

                    Plaintiff,

   v.

GFS II LLC D/B/A GATEWAY FINANCIAL
SOLUTIONS and SCHISLER LAW, PLC,

                    Defendants.

OPINION AND ORDER

15-cv-058-wmc

---

In this civil action, plaintiff Lori Nichols asserts a number of claims against defendants GFS II LLC d/b/a Gateway Financial Solution and Schisler Law, PLC, based on "extra-territorial" garnishment of her wages. Defendants seek summary judgment on plaintiff's remaining federal claim for alleged violations of her due process rights brought under 42 U.S.C. § 1983. (Dkt. #24.) While defendants' argument that they did *not* act under "color of state law" as that phrase has been interpreted for purposes of § 1983 would appear to have merit, the court cannot reach that issue for a threshold reason that neither side bothered to even reach -- all of plaintiff's claims are barred from proceeding in federal courts by the *Rooker-Feldman* doctrine. *See Kobilka v. Cottonwood Fin. Wis.*, LLC, No. 14-CV-268-WMC, 2015 WL 1137471, at *2 (W.D. Wis. Mar. 12, 2015).[1] Accordingly, absent either party filing an explanation as to why this court can exercise jurisdiction within 14 days, this case will be dismissed outright for lack of subject matter jurisdiction. Even if jurisdiction ultimately lies, the remaining deadlines will be struck in this case, since defendants' motion for summary judgment on plaintiff's only federal

---

[1] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

claim appears likely to be granted and the remaining state law claims to be subject to dismissal without prejudice.

BACKGROUND

Typically in ruling on a motion for summary judgment, the court first would set forth the undisputed facts. Here, as evidenced by defendants' motion for summary judgment, the undisputed facts are simply the allegations in the complaint. Indeed, defendants could have filed a motion to dismiss pursuant to Rule 12(b)(6).

Regardless, there is no dispute that plaintiff's claim under 42 U.S.C. § 1983 is premised on her allegation that defendants used the Michigan legal process to garnish her wages despite her being a citizen of the state of Wisconsin, thus allegedly violating her due process rights under the Fourteenth Amendment of the United States Constitution. (Compl. (dkt. #1) ¶ 77-79.) In particular, plaintiff alleges that "on August 11, 2009, a Default Judgement was entered against her for $9,164.48." (*Id.* at ¶ 40.) "On September 30, 2009, Atty. Scott Schisler, on behalf of Defendant Schisler Law[,] issued a Request and Writ for Garnishment in Michigan for the wages that Ms. Nichols was earning in Wisconsin." (*Id.* at ¶ 41.)

Plaintiff further alleges that: (1) "Defendants Schisler Law and Gateway acted under color of state law when they prepared, filed, and subsequently served the various Michigan garnishment documents on Ms. Nichols' Wisconsin employer"; and (2) "[b]y serving Michigan legal process -- in the form of Michigan garnishment documents -- extraterritorially, the Defendants were and are engaging in state action." (*Id.* at ¶¶ 43-

44.) It is also undisputed that: (1) the § 1983 claim is the only federal claim remaining in this lawsuit, the parties having settled the FDCPA claim; and (2) the only asserted basis for this court's original jurisdiction is under 28 U.S.C § 1331.

OPINION

I. *Rooker-Feldman* Doctrine

For reasons unclear to the court, neither side addressed in their summary judgment briefs the apparent jurisdiction problem with plaintiff's federal challenge to actions approved by a Michigan court, including its issuance of the underlying Writ of Garnishment that is allegedly the cause of plaintiff's injury. In *Kobilka*, this court confronted the precise question presented here: whether a plaintiff's claims based on injuries due to defendant's extra-territorial garnishment of wages were barred by the *Rooker-Feldman* doctrine, and concluded that such claims were barred in federal court because they would "require the court to review the state court's actions with respect to its garnishment of wages." *Kobilka*, 2015 WL 1137471, at *2; *see also Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014) (affirming dismissal on *Rooker-Feldman* grounds of an FDCPA claim on the basis that it sought to challenge an Indiana state-court garnishment order).

Moreover, "[b]ecause the *Rooker–Feldman* doctrine is jurisdictional in nature," its applicability must be determined before turning to the merits. *See Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554-55 (7th Cir. 1999) (citing *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)). Accordingly, the parties will be given 14 days to advise why *Rooker-*

*Feldman* does not require dismissal of this lawsuit. A failure to do so will result in an immediate dismissal without prejudice.[2]

## II.     Motion for Summary Judgment

For obvious reasons, this court must reserve on the merits of defendants' summary judgment motion until the question of subject matter jurisdiction is resolved. The court would be remiss, however, not to note in light of its work to date that in order to be characterized as state action under 42 U.S.C. § 1983, "the [constitutional] deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the [S]tate or by a person for whom the State is responsible . . . [and] the party charged with the deprivation must be a person who may fairly be said to be a [S]tate actor." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). Here, there is no dispute that the alleged constitutional violation involved a scheme created by the State, namely the post-judgment garnishment scheme. Accordingly, the pending motion for summary judgment turns on whether defendants were state actors when they secured a post-judgment writ of garnishment from a Michigan court.

As plaintiff acknowledges, an attorney's mere use of a state's legal process does not transform the attorney (or his client) into a state actor.[3] While plaintiff persists that

---

[2] "The *Rooker–Feldman* doctrine is jurisdictional in nature, and thus it may be raised at any time for the parties and by the court *sua sponte*." *Lewis v. Anderson*, 308 F.3d 768, 771-72 (7th Cir. 2002) (citing *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 (7th Cir. 2000)).

[3] The United States Supreme Court explained in *Polk County v. Dodson*, 454 U.S. 312 (1981), that "[i]t is often said . . . lawyers are 'officers of the court.' But the Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Id.* at 318; *see also Read v. Klein*, No. 99-5058, 2001 WL 20818, at *6 (10th Cir. Jan. 9, 2001) (unpublished) (finding ex-wife and attorney who

4

"incorrect garnishment actions carry with them the color of state law" (Pl.'s Opp'n (dkt. #27) 3), the cases cited by plaintiff all involve instances where a creditor uses the court system for an immediate taking of property without involvement of judicial process. *See N. Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 606-07 (1975) (holding that Georgia garnishment statute was unconstitutional because it did not provide for notice, hearing or participation of a judicial officer); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, (1982) (finding prejudgment writ of attachment procedure violated due process); *Sniadach v. Family Fin. Corp. of Bay View*, 395 U.S. 337, 342 (1969) (finding notice and hearing required before obtaining a court order for garnishment of wages).

Here, it appears undisputed that (1) defendants had secured a judgment; (2) defendants received a writ of garnishment from the court and served that writ on plaintiff; and (3) Michigan provides an opportunity for garnishees to file an objection to the writ of garnishment. *See, e.g.*, Mich. Ct. Rule 3.101(K) (describing procedures for garnishment after judgment, including subsection (K) allowing for objections). As the Supreme Court explained in *Lugar*, "private misuse of a state statute does not describe conduct that can be attributed to the State." 457 U.S. at 941. Nevertheless, the court

---

served plaintiff by publication prior to divorce decree being entered were not state actors; "a private party's mere invocation of state legal procedures does not constitute joint participation and thus is not state action") (internal citation and quotation marks omitted) (citing cases); *Bernegger v. Washington Mut., F.A.*, No. 07-C-1028, 2008 WL 4722392, at *5 (E.D. Wis. Oct. 24, 2008) (rejecting § 1983 claim brought against attorney based on statements made during the course of legal proceedings).

will reserve on defendants' motion for summary judgment on plaintiff's § 1983 due process claim pending a decision on this court's subject matter jurisdiction.[4]

ORDER

IT IS ORDERED that:

1) On or before May 26, 2016, either party may file a brief and any supporting materials as to why this court should not dismiss this action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Any response is due on or before June 2, 2016.

2) Defendants GFS II LLC d/b/a Gateway Financial Solution and Schisler Law, PLC's motion for summary judgment of plaintiff Lori Nichols' § 1983 due process claim (dkt. #25) is RESERVED.

3) The pretrial deadlines and the trial date are STRUCK, thus mooting the parties' joint motion to amend/ correct the pretrial conference order (dkt. #33).

Entered this 12th day of May, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[4] Should this court be persuaded that it may move onto the merits and dismiss plaintiff's sole, remaining federal claim, it is "the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction.").